**AFFIRMED as MODIFIED and Opinion Filed August 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00060-CR**

**SALVADOR MEDRANO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-0557534-H**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Osborne

Salvador Medrano appeals a judgment adjudicating him guilty of aggravated assault with a deadly weapon. In one issue, appellant argues that the evidence was insufficient to identify appellant as the same individual who was placed on probation in the original cause. In three issues, appellant seeks various modifications to the judgment. We modify the trial court's judgment, as detailed below, and affirm the judgment as modified.

# BACKGROUND

In November 2006, appellant pleaded guilty to aggravated assault with a deadly weapon in exchange for ten years' deferred-adjudication probation. The trial court accepted the terms of the plea bargain and sentenced appellant to ten years' deferred-adjudication probation.

In March 2007, the State filed a motion to proceed with an adjudication of guilt, and a capias was issued for appellant's arrest. In September 2020, the State served appellant with an amended motion to revoke appellant's probation and proceed with an adjudication of guilt, alleging that appellant had violated conditions D, H, J, K, L, M, and N of his probation. On December 11, 2020, the trial court held a hearing to see how appellant pleaded to the allegations. At the hearing, appellant refused to acknowledge that he was the same person who had pleaded guilty to aggravated assault and had been placed on probation in 2006. The trial court ordered a contested revocation hearing.

On December 30, 2020, the trial court held the contested revocation hearing. The State abandoned its allegations that appellant had violated conditions H, J, and L. Appellant entered a plea of "Not True" to the remaining allegations in the State's amended motion. The State called two witnesses: Investigator Darrell Doty, who testified as a fingerprint expert for the District Attorney's Office, and Jennifer Vavrik, a probation officer for the Criminal District Court of Dallas County.

At the close of evidence, appellant's counsel argued that the State had failed to prove that appellant was the person who had been placed on probation. At the conclusion of the hearing, the trial court found that the State had met its burden and the allegations in the State's motion were true, revoked appellant's probation, adjudicated appellant guilty, and reaffirmed the 2006 affirmative finding of a deadly weapon. The trial court sentenced appellant to ten years' confinement. Appellant timely appealed.

## ISSUE ONE: SUFFICIENT EVIDENCE OF IDENTITY

In his first issue, appellant contends that there was insufficient evidence he is the same individual who was placed on deferred-adjudication probation in 2006 for aggravated assault with a deadly weapon. Appellant's position is that Investigator Doty was unable to identify appellant as the individual who had been placed on probation. His argument is based on a portion of Investigator Doty's testimony.

Specifically, Investigator Doty testified that he had fingerprinted appellant the day of the contested-revocation hearing; those fingerprints were admitted into evidence as State's Exhibit 1. Investigator Doty also testified that defendants are fingerprinted at the time of a plea or other disposition; the fingerprints of the probationer at issue were admitted into evidence as part of State's Exhibit 4, certified records from the Dallas County District Clerk. That exhibit also included a certified copy of the November 20, 2006 Order of Deferred Adjudication and the Conditions of Probation in case number F-0557534-H. Investigator Doty testified that he had

compared the fingerprints in State's Exhibit 1 to the fingerprints in State's Exhibit 4, but he opined that the fingerprints were not of a comparable value. Based on this evidence, appellant argues that the trial court abused its discretion because the State failed to show by a preponderance of the evidence that appellant is the same individual who was placed on probation.

The State argues that it was not required to match appellant's fingerprints to those associated with the probation judgment in order to prove appellant's identity and that it may link a defendant to a prior judgment in a number of different ways. The State contends that other documentary proof was sufficient to establish appellant's identity as the person placed on probation in 2006. We agree with the State.

## A.    Applicable Law and Standard of Review

A defendant who was placed on deferred-adjudication probation is entitled to a hearing limited to a determination by the court of whether the court will proceed with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42A.108(b). We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion. *See id.*; *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

For the trial court to revoke probation, the State must prove by a preponderance of the evidence that "the defendant is the same individual as is reflected in the judgment and order of probation[] and that the individual violated a

–4–

term of probation as alleged in the motion to revoke." *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In this context, a "preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 764. If the State fails to meet its burden of proof, then the trial court abuses its discretion by revoking the community supervision. *Elizondo v. State*, No. 05-14-00535-CR, 2015 WL 4314357, at *2 (Tex. App.—Dallas July 15, 2015, no pet.) (mem. op., not designated for publication).

The trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In determining whether the trial court abused its discretion, we review the evidence in the light most favorable to the court's ruling. *Elizondo*, 2015 WL 4314357, at *2.

At a probation-revocation hearing, the State may prove that a defendant is the same individual as is reflected in the judgment and order of probation by, as applicable here, documentary proof containing sufficient information to establish both the existence of a prior judgment and the defendant's identity as the person reflected in the judgment. *See Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007) (discussing how the State may meet its burden to prove a defendant has been convicted of a prior offense); *Sanders v. State*, No. 14-19-00569-CR, 2020 WL 5667152, at *3 (Tex. App.—Houston [14th Dist.] Sept. 24, 2020, no pet.) (mem. op.,

not designated for publication) (at revocation hearing, State must prove by preponderance of evidence that defendant is the same individual reflected in the judgment and order of community supervision and that the individual violated a term of community supervision as alleged in the motion).

## B.    Discussion

The State presented evidence of the existence of the prior judgment and order of deferred-adjudication probation through two exhibits. First, the record reflects that the trial court admitted as State's Exhibit 3 a Forvis printout run from NCIC/TCIC containing the criminal history and final disposition for case number F-0557534. Investigator Doty testified that he is familiar with and able to read such criminal histories. He explained that the Forvis printout provided the case history for a defendant named Salvador Medrano who was arrested on September 22, 2005, for aggravated assault with a deadly weapon. Investigator Doty further explained that the Forvis printout reflected that the disposition of the case was probation for a period of 10 years based on a plea occurring on November 20, 2006.

Second, the record also reflects that State's Exhibit 4 consisted of certified records from the Dallas County District Clerk's office for case number F-0557534-H. As noted above, these records included an Order of Deferred Adjudication and the Conditions of Probation dated November 20, 2006, against Salvador Medrano for the offense of aggravated assault with a deadly weapon with an offense date of September 22, 2005, and it included the fingerprints associated

with the disposition. We conclude that the evidence was sufficient to prove the existence of the prior judgment and order of deferred adjudication.

We now turn to the evidence linking appellant to the prior judgment and order of deferred-adjudication probation in case number F-0557534-H. Investigator Doty testified that the fingerprints he had taken of appellant the day of the contested revocation hearing (State's Exhibit 1) were not of comparable value to the fingerprints associated with the probation plea (part of State's Exhibit 4). He also testified that the fingerprints taken at the time of the plea in State's Exhibit 4 were not of comparable value to any other fingerprints. But he also testified that this is a problem that they sometimes see in older cases like this. Investigator Doty was, nonetheless, able to link the fingerprints he had taken of appellant the day of the contested revocation hearing to the judgment and order of deferred-adjudication probation through other documentary proof.

The trial court admitted State's Exhibit 2, certified records (called a blue-back) from the Dallas County Sheriff's Department. The blue-back in State's Exhibit 2 was from an arrest dated September 22, 2005, for aggravated assault with a deadly weapon. The blue-back identified the person arrested as Salvador Medrano with a birthdate of March 15, 1963. Investigator Doty explained that a person is fingerprinted when he is arrested and booked into the jail. State's Exhibit 2 included a book-in fingerprint card from the jail. It also included a page that contained the

mug shot, AIS number, and physical description (height, weight, and hair and eye color) of the person (named Salvador Medrano) being booked into jail.

Investigator Doty testified that the fingerprints in State's Exhibits 1 and 2 were both "ink prints." He described the procedure for taking an "ink print" as follows: "When somebody is standing right next to me, I have a fingerprint card. I ask them their name, birth date. I sign the card. They sign the card. I date it, and then I roll their finger in black ink and roll it onto the fingerprint card." Investigator Doty testified that this is also what would have occurred at the jail to create the fingerprint card in State's Exhibit 2.

Investigator Doty testified that he had compared the fingerprints in State's Exhibits 1 and 2 and opined that the fingerprints matched. He explained that this meant that the person who was arrested for aggravated assault with a deadly weapon as shown in State's Exhibit 2 was the same person he had fingerprinted the day of the revocation hearing in State's Exhibit 1. Investigator Doty identified that person as being appellant, who was in the courtroom that day.

Investigator Doty then connected the fingerprints in the blue-back (in State's Exhibit 2) (and, thus, appellant's fingerprints in State's Exhibit 1) to the judgment and order of deferred-adjudication probation. He did so by comparing the other identifying information in the blue-back to the Forvis printout for case number F-0557534 (State's Exhibit 3). He explained that the book-in date of September 22, 2005, the AIS number, and the book-in number in the blue-back matched the offense

date, AIS number, and book-in number in the Forvis printout. According to Investigator Doty's testimony, this was proof that the person whose fingerprints were reflected in State's Exhibit 2 (and, thus, appellant's fingerprints in State's Exhibit 1) was the same person whose criminal case history was reflected in State's Exhibit 3 (i.e., deferred-adjudication probation for a period of ten years for the offense of aggravated assault with a deadly weapon). The record then further reflects that the case number, name, disposition, offense, and offense date in the Forvis printout also match the same information reflected in the judgment and order of deferred-adjudication probation contained in State's Exhibit 4.

Appellant argues that Investigator Doty "merely recited the identifying information contained in the document." We disagree. Through Investigator Doty's testimony, the State used the identifying information reflected in State's Exhibits 2–4 to link appellant's fingerprints in State's Exhibit 1 to the judgment and order of deferred-adjudication probation in case number F-0557534-H, as discussed above. Additionally, as noted above, State's Exhibit 2 contained a mugshot and physical description of the person arrested (whose identifying information matched the same information in the Forvis printout) for the trial court to compare to the individual in court. *See Montiel v. State*, No. 03-19-00405-CR, 2021 WL 2021142, at *8 (Tex. App.—Austin May 21, 2021, no pet.) (mem. op., not designated for publication) ("Links to the defendant can be shown through different means, including allowing the jury to compare photographs with the appearance of the defendant at trial or

–9–

compare identifying information such as names, sexes, heights, eye colors, and dates of birth."); *Bridges v. State*, No. 2-06-418-CR, 2007 WL 2693902, at \*4 (Tex. App.—Fort Worth Sept. 13, 2007, pet. ref'd) (per curiam) (mem. op., not designated for publication) (same).

Appellant also argues that the judge presiding over the contested revocation hearing was not the same judge who had placed him on probation, that no one testified to verify that appellant had pleaded to the offense, and that the trial court did not take judicial notice of its file. As we understand his argument, appellant is suggesting that even if he is the person who had been arrested, someone else may have had appeared at the prior disposition and pleaded guilty in exchange for deferred adjudication. This argument is not persuasive. "[T]he record need only show appellant's identity by a preponderance of the evidence, and the State need not disprove all possibilities to the contrary." *Sanders*, 2020 WL 5667152, at \*3. No specific documentation or mode of proof is required to prove the existence of a prior conviction or that the defendant is linked to that conviction. *See Flowers*, 220 S.W.3d at 921. In the instant case, the trial court admitted into evidence a certified copy of the judgment and order of deferred-adjudication probation in cause number F-0557534-H. The State then linked that prior disposition to appellant through other documentary proof, as discussed above.

After reviewing the record, and viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court could have found

that the greater weight of the credible evidence created a reasonable belief that appellant was the same individual reflected in the judgment and order of deferred-adjudication probation. Accordingly, we conclude that the trial court did not abuse its discretion by proceeding to an adjudication of guilt and revoking appellant's community supervision. We overrule appellant's first issue.

### ISSUES TWO, THREE, AND FOUR:
### MODIFICATIONS TO THE JUDGMENT

Appellant's last three issues request modifications to the judgment. We are authorized to reform a judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(d); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Corrections to the judgment are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012).

In his second issue, appellant contends that the judgment recites that he pleaded "True" to the State's amended motion to proceed to an adjudication of guilt when he actually entered a plea of "Not True." The State agrees. The record supports appellant's requested modification. We sustain appellant's second issue.

In his third issue, appellant contends that judgment incorrectly recites that he was sentenced pursuant to the terms of a plea-bargain agreement when there was no plea-bargain agreement. Specifically, under the heading, "Terms of Plea Bargain (if

–11–

any),” the judgment recites, “10 YEAR TDC - $0.00 FINE.” Appellant also prays that the Court modify the judgment to reflect that he was sentenced pursuant to an “open plea.” The State agrees that the judgment should be modified to delete the information contained under the “Terms of Plea Bargain” heading because there was no plea bargain, but it also contends that there was no “open plea” because appellant contested the State’s amended motion.

The term “open plea” is an imprecise legal term of art. *Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.). It sometimes is used to mean that plea bargaining, but not charge bargaining, has occurred. *Id*. Other times, the term is used to mean that a defendant has pleaded guilty, but no plea bargaining of any kind has occurred. *Id*. In either instance, the defendant has pleaded guilty without an agreement about the precise punishment he will receive. *Id*. In the probation-revocation context, an “open plea” would occur when a defendant pleads “true” to the allegations in the State’s motion without an agreement as to punishment. *See Brooks v. State*, No. 05-16-00657-CR, 2017 WL 34589, at *1 (Tex. App.—Dallas Jan. 4, 2017, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect “open” under “terms of plea bargain” when appellant had pleaded “true” at hearing on motion to adjudicate guilt)*; Lopez v. State*, No. 05-14-00484-CR, No. 05-14-00485-CR, 2014 WL 6634368, at *1 (Tex. App.—Dallas Nov. 24, 2014, no pet.) (mem. op., not designated for publication) (deleting “20 years Penitentiary” from “terms of plea bargain” section of judgments

adjudicating guilt because appellant had pleaded "true" to the motions to adjudicate guilt but without the benefit of plea bargains).

Here, the judgment recites "10 YEAR TDC - $0.00 FINE" under the "Terms of Plea Bargain (if any)." But the record reflects that appellant pleaded "Not True" to the State's amended motion and that he was not sentenced pursuant to a plea-bargain agreement. Therefore, the judgment incorrectly states that appellant was sentenced pursuant to a plea-bargain agreement, but appellant is incorrect that the record reflects he entered an "open plea." We therefore sustain, in part, and overrule, in part, appellant's third issue and modify the judgment to recite "N/A" under "Terms of Plea Bargain (if any)."

In his fourth issue, appellant contends that the judgment incorrectly recites the conditions of probation the trial court found that he had violated. Specifically, the judgment adjudicating guilt states:

> After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: . . . (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: D, H, J, K, L, M, N.

Appellant argues the judgment is incorrect because the State abandoned conditions H, J and L. He requests that we modify the judgment to reflect that he violated only conditions D, K, M, and N. The State agrees, except it contends that it never alleged that appellant had violated condition K.

After reviewing the record, we conclude that the record reflects that (1) the State alleged in its amended motion that appellant had violated conditions "d,h,j k,l,m" [sic] of his community supervision and (2) the State abandoned only conditions H, J, and L at the beginning of the hearing. Thus, we agree with appellant that the judgment incorrectly includes conditions H, J, and L. As to the inclusion of condition K in the judgment, the State's amended motion alleged appellant had violated condition "k" but did not include any specific allegations relating to that condition.

However, on this record, we cannot conclude that the inclusion of condition K in the judgment was a merely clerical error. *See Blanton*, 369 S.W.3d at 897–98. We, therefore, sustain appellant's fourth issue, overrule the State's counter-issue, and modify the judgment to delete conditions H, J, and L, as set forth below.

## CONCLUSION

The evidence is sufficient to identify appellant as the same individual who was placed on deferred-adjudication probation in case number F-0557534-H.

We modify the judgment as follows:

(1) to delete "TRUE" and to state "NOT TRUE" under the heading "Plea to Motion to Adjudicate";

(2) to delete "10 YEAR TDC - $0.00 FINE" and to state "N/A" under the heading "Terms of Plea Bargain (if any)"; and

(3) to modify the sentence, "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: D, H, J, K, L, M, N," to state as follows: "(5) While

–14–

on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: <u>D, K, M, N</u>."

As modified, the trial court's judgment is affirmed.

The trial court is ordered to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case. *See Shumate v. State*, No. 05-20-00197-CR, 2021 WL 4260768, at *4 (Tex. App.—Dallas Sept. 20, 2021, no pet.) (mem. op., not designated for publication).

210060f.p05

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

SALVADOR MEDRANO,
Appellant

No. 05-21-00060-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 1, Dallas County, Texas
Trial Court Cause No. F-0557534-H.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) to delete "TRUE" and to state "NOT TRUE" under the heading "Plea to Motion to Adjudicate";

(2) to delete "10 YEAR TDC - $0.00 FINE" and to state "N/A" under the heading "Terms of Plea Bargain (if any)"; and

(3) to modify the sentence, "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: D, H, J, K, L, M, N," to state as follows: "(5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: D, K, M, N."

As **MODIFIED**, the judgment is **AFFIRMED**.

The trial court is ordered to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case. *See Shumate v. State*, No. 05-20-00197-CR, 2021 WL 426072, at *4 (Tex. App.—Dallas Sept. 20, 2021, no pet).

Judgment entered this 23rd day of August, 2022.